UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRIS COUNT, ) | Civil Action No. 4:21-cv-0990-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NAN YA PLASTICS CORPORATION, ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.     INTRODUCTION

This case arises out of Plaintiff's employment with and subsequent termination from Defendant Nan Ya Plastics Corporation, America. Plaintiff has alleged causes of action for race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981, constructive discharge in violation of Title VII and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., disability discrimination in violation of the ADA, and promissory estoppel. Presently before the court is Defendant's Motion to Dismiss (ECF No. 8) Plaintiff's promissory estoppel cause of action. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Only the allegations relevant to Defendant's Motion are set forth herein. Plaintiff applied for and interviewed for the position of Human Resources Manager in the fall of 2018. Compl. ¶ 15.

Plaintiff was hired into the position of Assistant Human Resources Manager in January of 2019. Compl. ¶ 17. Plaintiff accepted the position of Assistant Human Resources Manager with the premise that he would ultimately be promoted to fulfill the role of Human Resources Manager. Compl. ¶ 18. Plaintiff was told that the reason he was given the Assistant Human Resources Manager was to allow the Assistant Vice President of Defendant to give Plaintiff a bump in pay after 3-4 months when he transitioned into the Human Resources Manager position. Compl. ¶ 19. However, Defendant never promoted Plaintiff to the Human Resources Manager position even after he completed the training requirements and demonstrated satisfactory knowledge of his position. Compl. ¶¶ 97-98. Plaintiff alleges that he reasonably relied on Defendant's unambiguous promise to employ him as the Human Resources Manager. Compl. ¶ 95.

### III.     STANDARD OF REVIEW

Defendants move for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV. DISCUSSION

Defendant argues that dismissal of Plaintiff's promissory estoppel cause of action is appropriate because it does not apply in the employment context. Promissory estoppel is an equitable doctrine which holds that "an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice." Higgins Constr. Co. v. Southern Bell Tel. & Tel. Co., 276 S.C. 663, 281 S.E.2d 469, 470 (1981). Four elements must be proven in order to establish a cause of action for promissory estoppel: (1) the presence of a promise unambiguous in its terms; (2) reasonable reliance upon the promise by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party who makes the promise; and (4) the party to whom the promise is made must sustain injury in reliance on the promise. White v. Roche Biomedical Lab'ys, Inc., 807 F. Supp. 1212, 1217 (D.S.C. 1992), aff'd, 998 F.2d 1011 (4th Cir. 1993) (citing Powers Constr. Co. v. Salem Carpets, Inc., 283 S.C. 302, 322 S.E.2d 30, 33 (Ct.App.1984)).

"[T]he settled law in this state precludes application of the equitable estoppel doctrine of promissory estoppel in the employment context." Gentry v. Bioverativ U.S. LLC, No. CV 2:19-00873-MBS, 2019 WL 3802476, at *7 (D.S.C. Aug. 13, 2019). "In an employment relationship, regardless of whether the terms of employment are reduced to writing, there exists a mutual understanding between employer and employee as to the exchange of payment for work or

services rendered. 'Promissory estoppel comes into play in situations where actual consideration is not present; it acts as a consideration substitute.'" Id. (quoting Glover v. Lockheed Corp., 772 F.Supp. 898, 907 (D.S.C. 1991)). "Employment relations are necessarily contractual, even if the employment is on an at will basis.... Consequently, because some sort of contract exists in every employment arrangement, the doctrine of promissory estoppel is inapplicable." Glover, 772 F.Supp. at 907.

Further, "a promise of continued employment is illusory where the nature of the relationship is at-will and the employer retains the right to terminate the employment relationship." Anthony v. Atlantic Grp., Inc., 909 F.Supp.2d 455, 482 (D.S.C. 2012). "A determining factor in deciding whether to enforce a promise under the theory of promissory estoppel is the reasonableness of the promisee's reliance." Storms v. Goodyear Tire & Rubber Co., 775 F.Supp. 862, 868 (D.S.C.1991). "[R]eliance on a promise consisting solely of at-will employment is unreasonable as a matter of law since such a promise creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed." White, 807 F.Supp. at 1219-20; see also Sakelaris v. Rice/Maddox P'ship, 883 F. Supp. 64, 66 (D.S.C. 1995) (holding that plaintiffs could not establish the reasonable reliance element for their promissory estoppel claim arising out of their employment because reliance on a promise consisting solely of at-will employment is unreasonable as a matter of law). Although Plaintiff does not specifically allege that Defendant promised continued employment, a promise of a promotion necessarily includes the promise of continued employment.

Plaintiff argues that the at-will doctrine should not be so broadly construed so that it deprives an employee of any protection within the workplace. However, there are many laws providing protection for employees in the employment context, including Title VII, § 1981, and the ADA, all of which Plaintiff has raised in this action.

Plaintiff asserts that even in at-will employment contexts, courts have recognized claims of promissory estoppel. Most of the cases relied upon by Plaintiff, however, are inapposite because no promissory estoppel claim was alleged or at issue. See Griesi v. Atlantic Gen. Hosp. Corp., 756 A.2d 548 (Md. Ct. App. 2000) (no promissory estoppel claim was asserted); Reimer v. Badger Wholesale Co., Inc., 433 N.W.2d 592 (Wis. Ct. App. 1998): (the court did not address the plaintiff's promissory estoppel claim, which was dismissed at summary judgment by the lower court); King v. PYA/Monarch, Inc., 317 S.C. 385, 453 S.E.2d 885 (1995) (no promissory estoppel claim was asserted). The retiree plaintiffs in Bishop v. City of Columbia, 401 S.C. 651, 738 S.E.2d 255 (Ct. App. 2013), did assert a promissory estoppel claim. There, a group of City of Columbia retired firefighters and police officers alleged that they relied on promises from the City's human resources department that the City would continue to provide them with health insurance following retirement at no cost to the retirees. Id. at 655. The Court of Appeals held that issues of fact existed as to whether the individuals who made the promises to the retirees had the authority to do so and whether the retirees' reliance on those promises was reasonable. Id, at 667. However, Bishop did not involve a promise of employment but rather a promise of benefits, and this court has previously declined to extend Bishop to such claims. See Mintz v. Stone & Webster Servs., LLC, No. 0:16-0806-MGL-TER, 2016 WL 8677207, at *4–5 (D.S.C. Aug. 26, 2016) (finding the Bishop holding inapplicable in a case alleging a promise of continued employment); Phillips v. Bimbo Bakeries USA, Inc., No. 5:20-cv-2483-JMC-SVH, 2020 WL 6809111, at *1 (D.S.C. Aug. 18, 2020), report and recommendation adopted, No. 5:20-cv-02483-JMC, 2020 WL 6806660 (D.S.C. Nov. 19, 2020) (same). The undersigned likewise finds Bishop inapplicable here. Accordingly, dismissal of Plaintiff's promissory estoppel cause of action is appropriate.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (ECF No. 8) be granted and Plaintiff's promissory estoppel cause of action be dismissed.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 27, 2021
Florence, South Carolina